# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CHARLES BURGESS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 5:20-cv-00729-ACA-HNJ |
| CAPTAIN FLOYD LEE, Warden, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

*Pro se* Petitioner Charles Burgess filed this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1). He currently is incarcerated at the Cullman County Jail on a $50,000.00 cash bond awaiting trial on murder charges. (*See* doc. 6-6). Mr. Burgess claims that the bond is excessive, and he asks this court to set a reasonable bond. (Doc. 1 at 2, 9).

On July 21, 2020, the magistrate judge entered a report and recommendation, recommending that the court dismiss without prejudice Mr. Burgess' habeas petition for failure to exhaust state law remedies. (Doc. 10). Mr. Burgess filed timely objections to the report and recommendation. (Doc. 11).

First, Mr. Burgess objects to the magistrate judge's finding that Circuit Judge Martha Williams set his cash bond at $50,000.00. (Doc. 11 at 1). Mr. Burgess contends that it was District Judge Wells Turner who set his bond at that

amount. (*Id.*). State court records reflect that Judge Turner initially set Mr. Burgess' bond at $50,000, and after Mr. Burgess' indictment, Judge Williams continued Mr. Burgess on the bond set by Judge Turner. (*See* doc. 6-1 at 3; doc. 6-6). And Mr. Burgess remains detained subject to the bond that Judge Williams set. Therefore, the magistrate judge correctly found that Judge Williams set Mr. Burgess' current bond. Accordingly, the court **OVERRULES** Mr. Burgess' first objection.

Second, Mr. Burgess objects to the magistrate judge's recommendation that the court should dismiss his habeas petition for failure to exhaust state court remedies. (Doc. 11 at 1). He argues that this court has discretion to hear an unexhausted habeas petition pursuant to 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). (*Id.* at 2). Mr. Burgess asks the court to excuse the exhaustion requirement because four different attorneys have filed motions for bond reductions, but none appealed the denials of those motions.[1] (*Id.*). Mr. Burgess argues that his attorneys' failure to appeal the denial of the bond reduction motions violated his Sixth Amendment right to counsel, as defined by *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id.* at 3). Based on that alleged violation of his constitutional right and Mr. Burgess' belief that Cullman County employs an unconstitutional system for setting bond,

---

[1] In a March 10, 2020 order denying a reduction in bond, the trial judge explained that "Defendant is charged herein with MURDER. Therefore the bond currently set is well-within the approved range." (Doc. 6-14 (emphasis in original)).

he argues that this court should waive the exhaustion requirement and grant him a reasonable bond.  (*Id.* at 3-4) (citing *Schultz v. State*, 330 F. Supp. 3d 1344 (N.D. Ala. 2018)).  Mr. Burgess' argument is not persuasive.

Generally, unless a habeas petitioner exhausts his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim.  28 U.S.C. § 2254(b)(1)(A); *see Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("[H]abeas corpus actions require a petitioner to fully exhaust state remedies[.]"); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  However, a federal district court may waive the exhaustion requirement if a petitioner demonstrates that "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i), (ii).  Mr. Burgess has not made either showing.

First, an absence of state process may be found where, because of prior rulings, resort to the state courts would be futile.  *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984).  But nothing in the record demonstrates

3

such futility. Mr. Burgess filed a petition for a writ of mandamus, seeking a bond reduction, with the Alabama Court of Criminal Appeals on June 15, 2020. (Doc. 6-16 at 1-2). The Alabama Court of Criminal Appeals construed the petition as one for a writ of habeas corpus, and the petition remains pending. (Doc. 6-16 at 9; Doc. 6-17; Doc. 6-18). The pendency of Mr. Burgess' state court habeas challenge demonstrates that avenues exist for him to pursue this claim in the state court. *See e.g., Ex parte Stokes*, 990 So. 2d 852, 856 (Ala. 2008) (A state court "petition for habeas corpus is the proper vehicle by which to challenge the setting of allegedly excessive bail."). Therefore, Mr. Burgess has failed to demonstrate "an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i).

Second, a federal court may excuse exhaustion where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). In other words, "[a] federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." *Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992); *see Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 680 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Mr. Burgess has

presented no evidence that the state court has refused to address his pending state habeas petition or that the state court has unreasonably delayed acting on the petition.

And Mr. Burgess' new claim that the state process is ineffective to protect his rights because four separate attorneys have failed to appeal orders denying bond reduction does not provide a basis for this court to waive the exhaustion requirement. As an initial matter, Mr. Burgess first raised this issue in his objections, and the court need not consider objections concerning arguments that Mr. Burgess did not raise "in the first instance to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). In any event, Mr. Burgess' claim of ineffective assistance of counsel is a separate ground to raise in a state habeas corpus proceeding, and it is one that also must be exhausted. *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000); *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Mr. Burgess has not demonstrated that he has exhausted any potential ineffective assistance claim.

Finally, other special or exceptional circumstances may excuse exhaustion. *See Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967)[2] ("It is true that under *Fay v. Noia* [372 U.S. 391 (1963)], the federal trial court has broad discretion to hear a

---

[2] *Clarke* is binding in this Circuit. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981).

habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner."). But no such circumstances appear in the record before this court.

Mr. Burgess directs this court to *Schultz v. State*, 330 F. Supp. 3d 1344 (N.D. Ala. 2018), a 42 U.S.C. § 1983 civil rights action, in which another judge of this district issued a preliminary injunction against Cullman County's bond setting procedures. Mr. Burgess claims that the *Schultz* litigation has found that Cullman County's bond procedures are unconstitutional. (Doc. 11 at 4). The State has appealed the *Schultz* preliminary injunction, and the Eleventh Circuit has not issued an opinion. *See Hester v. Gentry, et al.,* No. 18-13898 (11th Cir. 2018). Therefore, there has been no final determination regarding Cullman County's bond procedures in that action. And in any event, Mr. Burgess has not argued that the state court set his bond in violation of the *Shultz* preliminary injunction. Accordingly, *Shultz* does not assist Mr. Burgess.

Because nothing in Mr. Burgess' objections provides a basis to ignore the fundamental exhaustion requirement, the court **OVERRULES** Mr. Burgess' second objection.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and Mr. Burgess' objections, the court **ADOPTS** the magistrate judge's report and

**ACCEPTS** his recommendation. The court **OVERRULES** Mr. Burgess' objections and **DISMISSES** the petition for writ of habeas corpus **WITHOUT PREJUDICE** to allow Mr. Burgess to exhaust his available state court remedies.

The court will enter a separate final order.

**DONE** and **ORDERED** this August 12, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE